# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>MARGERY KANAMU-<br>KALEHUANANI KEKAUOHA-<br>ALISA,<br><br>                       Debtor. | Case No. 05-01215<br>Chapter 7 |
| MARGERY KANAMU-<br>KALEHUANANI KEKAUOHA-<br>ALISA,<br><br>                       Plaintiff,<br>    vs.<br><br>AMERIQUEST MORTGAGE<br>COMPANY; WM SPECIALTY<br>MORTGAGE LLC, WITHOUT<br>RECOURSE,<br><br>                       Defendants. | Adversary Proceeding No. 06-90041<br><br><br><br><br>Related Docket No.: 275 |

## MEMORANDUM OF DECISION ON BILL OF COSTS

The plaintiff, as the prevailing party in this adversary proceeding, seeks an award of taxable costs in the amount of $11,116.12.[1] I have carefully considered the defendants' objections and have independently reviewed the request and the

---

[1] This figure reflects the reduction of $3.46 for a refund (docket no. 312) and $34.37 for a reimbursement (docket no. 289 at 6).

supporting information.

1. The defendants object to $101.76 in charges for access to the court's CM/ECF system. The clerk of the court collects this charge as a condition of access to the official court records. I conclude that CM/ECF fees are "fees of the clerk" within the meaning of 28 U.S.C. § 1920(1) and that fees of this modest amount were necessary and reasonable in this case.

2. The defendants object to $154.69 charged for transcripts on several grounds.

    a. The defendants argue that the plaintiff may not include the cost of both an audio CD and a written transcript for a March 14, 2008 status conference. The plaintiff points out that her counsel used the CD to prepare a motion in limine which had to be filed before the transcript was available and subsequently filed the transcript to support the motion. I agree that this charge was reasonable and necessary.

    b. The defendants contend that the plaintiff should not be reimbursed for either the CD or the transcript of the March 14, 2008 status conference because neither cost is "necessary." The plaintiff has established that the information from that hearing was used for a subsequent motion in limine. I agree that this charge was reasonable and necessary.

  c. The defendants object to a $26.00 charge for an audio CD of a hearing on July 20, 2006, on the ground that no hearing was held on that date. The plaintiff has explained that the date was a typographical error and that the hearing actually took place on September 22, 2006. I overrule the objection.

  3. The defendants object to charges for reproducing documents produced in discovery. These charges are "fees and disbursements for printing" within the meaning of 28 U.S.C. § 1920(3).

  4. The defendants object to charges for both photocopying and scanning discovery documents, arguing that this represents a double charge. The plaintiff has satisfactorily explained these charges.

  5. The defendants object to the cost of reproducing four sets of exhibits for depositions and two CDs of the same exhibits, arguing that four sets were unnecessary. The plaintiff has satisfactorily explained why that number of sets were necessarily and reasonably made in the circumstances.

  6. The defendants object to charges for paginating and binding certain documents. The plaintiff has explained that these costs were incurred so that she could produce documents in discovery in an organized form. The defendants probably would have incurred comparable costs if the plaintiff had produced the documents loose and unnumbered. These costs are appropriate.

U.S. Bankruptcy Court - Hawaii   #06-90041   Dkt # 327   Filed  09/03/08   Page 3 of 4

7. The defendants object to charges for certification as insufficiently documented and incurred for personal convenience. The plaintiff has satisfactorily explained and documented these costs.

Accordingly, the plaintiff is entitled to an award of taxable costs in the amount of $11,116.12.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 09/02/2008