# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>MARGERY KANAMU-<br>KALEHUANANI KEKAUOHA-<br>ALISA,<br><br>Debtor. | Case No. 05-01215<br>Chapter 7 |
| MARGERY KANAMU-<br>KALEHUANANI KEKAUOHA-<br>ALISA,<br><br>Plaintiff,<br>vs.<br><br>AMERIQUEST MORTGAGE COMPANY; WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE,<br><br>Defendants. | Adversary Proceeding No. 06-90041<br><br>Related Docket No.: 268 |

## AMENDED MEMORANDUM OF DECISION ON
## MOTION FOR ATTORNEYS FEES AND NONTAXABLE COSTS

    The plaintiff, as the prevailing party in this adversary proceeding, seeks an award of attorneys' fees in the amount of $438,018.59 and nontaxable costs of $10,371.22. I have carefully considered the defendants' objections and have independently reviewed the request and the supporting information.

The plaintiff is entitled to recover a reasonable attorneys fee under two statutes, Haw. Rev. Stat. §§ 607-14 and 480-13(b)(1). For purposes of both statutes, a reasonable fee is usually calculated by multiplying a reasonable hourly rate for the attorneys providing services by the number of hours actually and reasonably expended in rendering services in the client's interest.

1. The defendants do not challenge the hourly rates charged by the plaintiff's attorneys, and I find that they are eminently reasonable. Those rates compare favorably with the hourly rates charged by other attorneys in this community with similar skills and experience (including the defendants' attorneys).

2. The defendants do object to the hours charged by the plaintiff. I reject most of these challenges.

    a. The defendants argue that the billing records include improper block billing and do not adequately describe the work done. I disagree. The time descriptions are adequate to permit me to evaluate the reasonableness of the work done and time expended.

    b. The defendants contend that the plaintiff is attempting to collect twice for the fees she incurred in the state court litigation, once through the damages award and again through a fee award. This is incorrect. The plaintiff has

U.S. Bankruptcy Court - Hawaii   #06-90041   Dkt # 343   Filed 09/09/08   Page 2 of 8

deducted the state court services from her fee request.

    c. The defendants object to the charges for services rendered by two attorneys to attend depositions and conferences and to conduct interoffice discussions. With one exception, I reject this argument. It was entirely appropriate for two attorneys to work on the representation of the plaintiff. (At least three attorneys handled the matter for the defendants.) Whenever two or more attorneys work on a particular matter, some interoffice conferences are necessary to coordinate their work. Interoffice conferences can be highly productive and beneficial because they allow attorneys to share ideas, plan effectively, and reach sensible decisions about tactics and strategy. Similarly, it is often efficient and beneficial to have two attorneys attend depositions or hearings because, as the old saying goes, two heads are better than one. Having observed the work of these attorneys, I find that they work as an effective team and that they employ their complementary skills and talents to the client's advantage.

  There is only one instance in this case where I find unnecessary duplication of work. Both attorneys attended a visit to the Mortgaged Property with two of the plaintiff's experts. This involved a sizable investment of time and expense and could have been done effectively with only one of the attorneys. I will deduct the time and expenses for one of the attorneys for that trip (8.4 hours charged by Ms.

3

Shults at $210 per hour, or $1,764.00, plus airfare of $99.80). I find no other instances of unnecessary duplication of work.

    3.    The defendants argue that the plaintiff should not recover any attorneys' fees for services rendered after the defendants made a settlement offer to the plaintiff in October 2006. I reject this argument.

        a.    The defendants have violated rule 408 of the Federal Rule of Evidence. That rule prohibits the admission of a settlement offer to prove the "amount of a claim." The defendants argue that the attorneys' fees should be reduced – in other words, that the "amount of [plaintiff's] claim" is excessive – because she rejected a settlement offer. As I ruled during trial, the settlement offer is inadmissible for this purpose. Pierce v. F.R. Tripler & Co., 955 F.2d 820 (2d Cir. 1992). The case cited by the defendants, Urico v. Parnell Oil Co., 708 F.2d 852 (1st Cir. 1983), is not controlling[1] and cannot be squared with the clear language of the rule.

        b.    Even assuming the offer were admissible, the defendants' argument rests on a false premise. The defendants contend that the settlement offer would have given the plaintiff everything (or nearly everything) she won at trial.

---

[1] The defendant's memorandum incorrectly states that Urico was decided by the Ninth Circuit, but in reality it is a First Circuit decision.

4

U.S. Bankruptcy Court - Hawaii   #06-90041   Dkt # 343   Filed 09/09/08   Page 4 of 8

Under the offer, the defendants would have transferred the Mortgaged Property back to the plaintiff if she repaid the mortgage debt.  Under the original judgment, the plaintiff recovered the Mortgaged Property (subject to the mortgage) <u>plus about $100,000 in damages</u>.  Under the amended judgment, the plaintiff will recover the property plus damages of at least $417,761.66.  The defendants' claim that their settlement offer was nearly identical to the plaintiff's recovery at trial does not pass the straight face test.

    4.     The defendants argue that the attorneys' fees cannot exceed twenty five percent of the money judgment pursuant to Haw. Rev. Stat. § 607-14.  It is correct that any attorneys' fees awarded under a breach of contract theory could not exceed that percentage of the damages awarded for breach of contract.  But Haw. Rev. Stat. § 480-13(b)(1) provides for attorneys' fees in actions under chapter 480 and that section contains no percentage limitation.  The Hawaii Supreme Court has made it clear that, in a proper case, attorneys' fees allowed under section 480-13(b)(1) may <u>exceed</u> the treble damage award.  <u>Cieri v. Leticia Query Realty, Inc.</u>, 80 Haw. 54, 73, 905 P.2d 29, 48 (1995) (affirming a judgment for $10,870.00 in treble damages, $12,252.00 in attorneys' fees, and $851.36 in costs).  The defendants' argument ignores this binding precedent.

    5.     I find and conclude that the attorneys' fees reasonably incurred by the

5

U.S. Bankruptcy Court - Hawaii   #06-90041   Dkt # 343   Filed  09/09/08   Page 5 of 8

plaintiff amount to $416,369.00 plus State of Hawaii general excise tax of $18,736.60, for a total of $435,105.60.

6. The plaintiff acknowledges that her attorneys' fees must be allocated between her breach of contract recovery and her chapter 480 recovery. Because the two sets of claims are closely related, it is difficult to make an accurate allocation. The plaintiff's attorneys probably would have had to do almost as much work if the plaintiff had only asserted her breach of contract claims and foregone her chapter 480 claims (and vice versa). The plaintiff suggests an equal allocation; this seems reasonable (and perhaps even generous to the defendants). This results in an award of attorneys' fees (including tax) in the amount of $217,552.80 for the chapter 480 claims. The recovery for the breach of contract claims is limited to twenty five percent of the judgment. The plaintiff has elected to recover the Mortgaged Property (by avoidance of the foreclosure sale) and forego any money judgment on the breach of contract claims. The twenty five percent limit should be applied to the value of the plaintiff's equity in the Mortgaged Property, which I have found was $155,780.83. The attorneys' fees on the breach of contract claim will therefore be $38,945.01.[2]

---

[2] In her reply memorandum, the plaintiff discusses what the attorneys' fee award should be if I allow her to elect remedies. In a separate decision filed concurrently with this decision, I rule that the plaintiff has already elected her remedies and is not entitled to do so again. I therefore need not address this argument.

U.S. Bankruptcy Court - Hawaii   #06-90041   Dkt # 343   Filed 09/09/08   Page 6 of 8

7. The plaintiff claims nontaxable costs totaling $10,371.22. The defendants object on several grounds.

   a. The defendants object to costs incurred after the October 2006 settlement offer. For the reasons stated above, I reject this argument.

   b. The defendants object to charges totaling $390.28 for binders, folders, and consumables. I agree with the defendants that the "consumables" are not adequately documented and are part of the overhead of a law office. The expense of binders for exhibits is, however, recoverable.

   c. The defendants object to the expert witness and consultant fees on the ground that such fees are not taxable as costs. This argument misses the point. The plaintiff is entitled to recover reasonable costs whether or not those costs are taxable.

   d. The defendants object to a charge of $680.03 for a post-judgment asset search. I agree that this charge is not appropriately included in the cost award at this time, although the plaintiff may well be entitled to recover that amount later under Haw. Rev. Stat. § 607-14.7.

   e. For the reasons stated above, airfare of $99.80 for one of the attorneys to attend the site visit will be deducted.

   f. I therefore find and conclude that the plaintiff is entitled to non-

U.S. Bankruptcy Court - Hawaii   #06-90041   Dkt # 343   Filed 09/09/08   Page 7 of 8

taxable costs in the amount of $9,506.39.

Therefore, a separate order will enter allowing attorneys' fees (including tax) in the amount of $256,497.81 and nontaxable costs in the amount of $9,506.39.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: **09/09/2008**