# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>MARGERY KANAMU-<br>KALEHUANANI KEKAUOHA-<br>ALISA,<br><br>                     Debtor. | Case No. 05-01215<br>Chapter 7 |
| MARGERY KANAMU-<br>KALEHUANANI KEKAUOHA-<br>ALISA,<br><br>                     Plaintiff,<br>   vs.<br><br>AMERIQUEST MORTGAGE<br>COMPANY; WM SPECIALTY<br>MORTGAGE LLC, WITHOUT<br>RECOURSE,<br><br>                   Defendants. | Adversary Proceeding No. 06-90041<br><br><br>Related Docket No.: 484 |

### MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR RELIEF FROM ORDER DETERMINING BREACH OF CONTRACT ATTORNEYS' FEES

This adversary proceeding is six years old and shows no sign of ending soon. Following remand from the court of appeals, I decided (among other things) that the Debtor is entitled to no attorneys' fees under Haw. Rev. Stat. § 607-14.

Dkt. no. 482. The Debtor seeks relief from that order, arguing that I exceeded the mandate. I disagree.

Briefly summarized, the court of appeals affirmed my conclusion of liability and my grant of nonmonetary relief, but reversed the judgment for money damages and attorneys' fees. The conclusion of the court of appeals' opinion crisply describes my task on remand:

> We VACATE the bankruptcy court's award of money damages under § 480–13 and attorneys' fees under HRS § 607-14 and HRS § 408-13(b)(1), and we REMAND so that the bankruptcy court may (1) make the necessary findings of causation and damages under HRS § 480-13 and (2) properly calculate attorneys' fees.

674 F.3d 1083, 1094 (9th Cir. 2012).

The Debtor argues that, insofar as attorneys fees are concerned, the remand was "**strictly limited** [emphasis in original] to the issue of whether Judgment Debtors' settlement offer cut off [the Debtor's] right to fees." Dkt. no. 484 at 5. This is not so.

The court of appeals vacated the entire award of attorneys' fees and remanded the issue for recalculation. The court of appeals addressed two issues which were "likely to arise again on remand . . . ." 674 F.3d at 1093 (internal quotation omitted). The first such issue was the admissibility, for purposes of determining reasonable attorneys' fees, of an alleged settlement offer. The second

2

issue was whether it would be permissible to exceed the twenty five percent limit on attorneys' fees set forth in Haw. Rev. Stat. § 607-14.

The court of appeals did not say that I could only consider those two issues on remand. To the contrary, the court of appeals vacated the entire award, which requires me to redetermine the attorneys' fees from scratch, following the court of appeals' ruling on the two enumerated issues.

At the hearing (but not in the moving papers), the Debtor also challenged my decision on the merits. I am not persuaded to disturb my decision.

For these reasons, the motion is DENIED.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: **10/05/2012**

3