## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>MARGERY KANAMU-<br>KALEHUANANI KEKAUOHA-<br>ALISA,<br><br>                  Debtor. | Case No. 05-01215<br>Chapter 7 |
| MARGERY KANAMU-<br>KALEHUANANI KEKAUOHA-<br>ALISA,<br><br>                  Plaintiff,<br>   vs.<br><br>AMERIQUEST MORTGAGE<br>COMPANY, et al.,<br><br>                  Defendants. | Adversary Proceeding  No. 06-90041<br><br>Re: Dkt. 519 |

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO EXTEND STAY PENDING APPEAL

In this adversary proceeding, the parties apparently enjoyed the first round of appeals so much that they wish to do it all over again. The defendants ("Lenders") seek a stay pending appeal so that enforcement of the judgment against them will not diminish their pleasure.

Following remand from the court of appeals, I have entered judgment in

favor of the plaintiff (the "Debtor") in the amount of $476,675.31 plus $2,700 per month from August 2012 until the Debtor regains title to and ownership of the property which is the subject of this case.  In addition, pursuant to a memorandum of decision filed concurrently herewith, I will soon enter another order approving something less than $150,000 of post-trial attorneys' fees and costs, bringing the total award to about $650,000.

The Lenders seek a stay pending appeal based on a supersedeas bond in the amount of $868,602.00.

The Debtor objects that the amount of the bond is insufficient.  The Debtor argues that the bond should also cover prejudgment interest in the approximate amount of $205,000, and damages for diminution of the value of the mortgaged property during the pendency of the prior appeals in the amount of $150,000.  Part of the latter amount represents a decline in the market value of the property and part is attributable to the Lenders' conceded failure to maintain the property as the prior stay order required.  But these amounts are not included in any judgment, and indeed the Debtor has not asked that they be included in the judgment against the Lenders.  Instead, the Debtor has asked that the <u>surety</u> be held liable for these amounts.  Dkt. no.489 at 2.  Because these amounts have not been included in a judgment against the Lenders, and the Debtor has not asked for a judgment against

2

U.S. Bankruptcy Court - Hawaii   #06-90041   Dkt # 540   Filed  02/27/13   Page 2 of 4

the Lenders for those amounts, the supersedeas bond amount need not cover them.

The Debtor also argues that the stay should be conditioned on a determination that, if the Lenders seek to foreclose their mortgage on the subject property, she may use her money judgment as a credit bid.  As the Debtor acknowledges, however, "it is not a foregone conclusion that a foreclosure would occur if the parties were returned to the status quo as of December 2, 2005." Dkt. no. 537 at 7.  Therefore, I will not decide this issue unless and until the Lenders attempt to foreclose the mortgage.

The prior stay order required the Lenders to maintain the property.  The Lenders have represented that they will soon comply with the portion of the judgment requiring them to reconvey the property to the Debtor.  Therefore, the stay will apply only to the monetary portion of the judgment and will not include any conditions relating to the future maintenance of the Property.

The Lenders have also proposed a plan to cure their failure to maintain the property during the prior appeal.  The Debtor has objected to the proposal, stating that the Lenders have no right to enter the property in order to effect the repairs.  In response, the Lenders have withdrawn the proposal.  I will eventually need to decide the consequences of the Lenders' failure to comply with the prior stay order. Nevertheless, it is appropriate to stay enforcement of the monetary portion

3

U.S. Bankruptcy Court - Hawaii   #06-90041   Dkt # 540   Filed 02/27/13   Page 3 of 4

of the judgment on the strength of the supersedeas bond.

Therefore, the Lenders' motion is GRANTED. Counsel for the Lenders shall submit an appropriate order.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 02/27/2013