UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>MARGERY KANAMU-<br>KALEHUANANI KEKAUOHA-<br>ALISA,<br><br>                Debtor. | Case No. 05-01215<br>Chapter 7 |
| MARGERY KANAMU-<br>KALEHUANANI KEKAUOHA-<br>ALISA,<br><br>                Plaintiff,<br>   vs.<br><br>AMERIQUEST MORTGAGE<br>COMPANY, et al.,<br><br>                Defendants. | Adversary Proceeding No. 06-90041<br><br><br>Re: Dkt. 517 |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION
FOR RECONSIDERATION AND CLARIFICATION**

    In this seemingly endless adversary proceeding, the defendants ("Lenders") ask me to reconsider or "clarify" my ruling on the plaintiff's ("Debtor's") damages.

    The factual background is known to the parties and amply set forth in prior orders. It is sufficient for present purposes to say that the court of appeals has

affirmed my decisions that the Lenders conducted an illegal foreclosure sale of the Debtor's property, that the sale is void, and that the Lenders' conduct violated Haw. Rev. Stat. § 480-2, entitling the Debtor to treble damages. The court of appeals remanded the case for redetermination of damages and attorneys' fees. On October 5, 2012, I entered a second amended judgment in favor of the Debtor. The Lenders seek reconsideration of the damages award.

For the following reasons, I will **DENY** the motion in its entirety.

I.

The Lenders argue that I erred by awarding the Debtor the lost use value of the property from the date that she lost title by virtue of the Lenders' illegal and void foreclosure sale. They argue that their misconduct – the invalid notice of postponement of the foreclosure sale – did not cause this damage, because the Debtor was still in default and they were still entitled to foreclose. I disagree.

The Lenders' misconduct did cause these losses. The Debtor was entitled to the use of the property unless and until the Lenders conducted a valid foreclosure. The Lenders have never done so; instead, because the Lenders failed to give proper notice of the postponement, the foreclosure sale was invalid. The Lenders had no right to take the property from the Debtor <u>when they did so</u>. Because the Lenders chose to litigate the propriety of the foreclosure sale rather than correct

2

their error, the Debtor has not had the use of the property for about seven years. In order to put the Debtor in the position she would have occupied but for the Lenders' wrongful conduct, <u>Leibert v. Finance Factors, Ltd.</u>, 71 Haw. 285, 290, 788 P.2d 833, 836-37 (1990), the Debtor must recover the value of the use of the property for as long as the Lenders wrongfully deprived her of it.

There is a crucial difference between the Debtor's claims for lost use value (which I have accepted) and "lost equity" (which I have rejected). Avoidance of the foreclosure sale will restore the Debtor's ownership of property. Requiring the Lenders to return the property to her <u>and</u> pay her what it was worth (her "lost equity") would be an improper double recovery. Avoidance of the foreclosure sale will not, however, compensate her for the fact that the Lenders took the property from her about seven years before they took the legally required steps to do so.

The Lenders' misconduct is at least analogous to the tort of conversion. "Common law conversion is any distinct act of dominion wrongfully exerted over another's personal property. . . . Conversion has four distinct elements: (1) [a] taking from the owner without his consent; (2) an unwarranted assumption of ownership; (3) an illegal use or abuse of the chattel; and (4) a wrongful detention after demand." <u>BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.</u>, 780 F. Supp. 2d 1061, 1080 (D. Haw. 2011) (citations and internal quotation marks omitted). "It is

U.S. Bankruptcy Court - Hawaii   #06-90041   Dkt # 541   Filed 02/27/13   Page 3 of 9

well settled that there is a conversion for which trover will lie where there has been an unlawful sale of the property of another by one who assumes to be the owner, or acting for the owner, or by one who acts on behalf of a person other than the owner." Tsuru v. Bayer, 25 Haw. 693, 697 (1920). This statement accurately describes what the Lenders did in this case; they unlawfully sold the Debtor's property, purporting to act for the Debtor by virtue of the power of sale contained in the mortgage.

The common law remedies for conversion therefore provide a useful guidepost. "A plaintiff who establishes conversion is entitled to either (1) the return of the property and damages for its loss of use during the time of its detention, or (2) the value of the property." R.J. Suarez Enterprises Inc. v. PNYX L.P., 380 S.W.3d 238, 242-43 (Tex. App. 2012). The court of appeals has affirmed the portion of the judgment requiring the Lenders to convey the property to the debtor. The Debtor is also entitled to recover the use value of the property for the period that the Lenders wrongfully deprived her of it.

The Lenders argue that the award of lost use value is inconsistent with the Ninth Circuit's decision. I do not read the mandate so narrowly. The court of appeals vacated the award of damages and "remand[ed] the case to the bankruptcy court to make the proper requisite findings of fact . . . ." The court gave one

4

example of a fact which, if proven, "might establish that Debtor's temporary loss of possession of the property was 'fairly traceable' to Lenders' deceptive practice." 674 F.3d at 1093.  But the court did not say that this was the only way in which the Debtor could carry her burden.

The Lenders rely on the court of appeals' statement that, "on remand the bankruptcy court must determine the difference, if any, between Debtor's situation had Lenders properly postponed the foreclosure sale and Debtor's actual situation, given that the sale was improperly postponed.  This framing properly narrows the inquiry to the damage caused by Lenders' deceptive postponement." Id. at 1093.  The Lenders argue that, if they had given a proper postponement notice (rather than the improper notice which they actually gave) on September 23, 2005, the Debtor would have lost the property after the next scheduled auction on December 2, 2005.  Therefore, according to the Lenders, the Debtor's actual situation is the same as it would have been if the Lenders had followed the law.

The problem with this argument is that it ignores the factor of time. Whether or not the Debtor was able to make the mortgage payments, the Debtor was entitled to the use and ownership of the property until the Lenders properly foreclosed their mortgage.  The Lenders have never properly completed a foreclosure.  Therefore, the Lenders unlawfully took the Debtor's property about

5

seven years before they were entitled to do so. The Lenders' failure to give a proper postponement notice, and their resulting failure to conduct a valid and lawful foreclosure, caused the Debtor to lose the use of the property from the date of the void foreclosure until now, and continuing from now until the Lenders either return the property to the Debtor or conduct a lawful foreclosure.

II

The Lenders argue that the record does not support the amount of the lost use value. Based on the evidence at trial, I found that the fair rental value of the property was $900 per month. The court of appeals did not disturb that finding, and the Lenders offer no evidence that it was or is wrong. The Lenders are not entitled to relitigate this factual question.

III

The Lenders argue that I erred by failing to setoff the Debtor's debt under the mortgage loan against the Debtor's damages claim against the Lenders. I disagree for several reasons.

First, the Lenders' argument comes far too late. The Lenders barely raised the issue prior to the entry of the first judgment; they mentioned "setoff" as a boilerplate defense in their answer and included only a sentence or two about the issue in their written closing argument. My original judgment did not provide for

6

a setoff, the Lenders did not complain, and the court of appeals did not fault my decision in that respect. The Lenders also failed to raise this argument in response to the Debtor's motion for amended findings and conclusions on remand. Dkt. 472. The Lenders have waived their setoff contention. See <u>Kona Enters., Inc., v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000) (a party's right to seek attorneys' fees is waived if the party does not file a timely motion for fees after entry of the judgment, even if the judgment is vacated on appeal).

Second, allowing a setoff would infringe upon the Debtor's discharge. The Lenders' claims against the Debtor have been discharged. The discharge forbids "an act to . . . offset any [discharged] debt as a personal liability of the debtor . . . ." 11 U.S.C. § 523(a)(2).

The Lenders rely on <u>Boeing North American, Inc., v. Ybarra (In re Ybarra)</u>, 424 F.3d 1018 (9th Cir. 2005), but the decision is inapplicable. In that case, a debtor filed an employment discrimination suit, filed a bankruptcy case, and (through an unusual sequence of events) became entitled to pursue her prepetition lawsuit for her own benefit in state court. She lost the suit, and the state court awarded $456,884.03 of attorneys' fees against her. In the meantime, she obtained a discharge in bankruptcy and argued that the claim for attorneys' fees was discharged. The court of appeals held that the attorneys' fees claim was not

U.S. Bankruptcy Court - Hawaii   #06-90041   Dkt # 541   Filed 02/27/13   Page 7 of 9

discharged. The court reasoned that the discharge applies to claims that "arose" before the bankruptcy petition. Claims for attorneys' fees based out of litigation which the debtor commenced or voluntarily resumed post-petition arise out of the debtor's postpetition conduct and are not discharged. Ybarra might bear on this case if the Debtor had lost and the Lenders were entitled to attorneys' fees. But the exact opposite happened here. All of the Lenders' claims against the Debtor arose out of the prepetition loan transaction and therefore all of those claims have been discharged. Using a discharged debt as a setoff[1] violates the discharge injunction.

Third, allowing a setoff would be unnecessary and inequitable. When the Lenders reconvey the property to the Debtor, the Lenders' mortgage lien and the claims secured thereby will be revived, and the Lenders will be free (unless otherwise ordered) to attempt to foreclose the mortgage (but not to seek a deficiency judgment against the Debtor). The value of the property may have

---

[1] The discharge injunction does not prevent a creditor from exercising a valid right of recoupment, Beaumont v. Dept. of Veteran Affairs (In re Beaumont), 586 F.3d 776 (10th Cir. 2009), but recoupment does not apply. Recoupment permits a party to a transaction to withhold funds due to another party in order to pay a claim that arises out of the same transaction. The Lenders' claims against the Debtor arise out of the prepetition loan transaction. The Debtor's claims against the Lenders arise out of the Lenders' illegal postpetition foreclosure. These claims are not sufficiently related to fall within the narrow doctrine of recoupment.

8

U.S. Bankruptcy Court - Hawaii   #06-90041   Dkt # 541   Filed 02/27/13   Page 8 of 9

declined since the invalid foreclosure sale, but the Lenders should bear that loss because they committed the error that invalidated the sale and only they could have avoided that loss by correcting their error.

Davis v. Wholesale Motors, Inc., 86 Haw. 405, 949 P.2d 1026 (1998), on which the Lenders rely, is distinguishable. The court held that an offset against UDAP damages is appropriate "under certain circumstances," in order to prevent a plaintiff from "reap[ing] a benefit received from the defendant under the contract." Id. at 1042, 421. In the first place, Davis did not involve a bankruptcy case, so there was no discharge and no alteration of the defendant's nonbankruptcy setoff rights. Further, the Debtor will not reap any unjust benefit of the kind mentioned in Davis because the Lenders' mortgage lien will be restored. Any prejudice to the Lender is attributable to (i) the discharge or (ii) the Lenders' failure to start a new foreclosure promptly after their misconduct was exposed.

*  *  *

The Lenders' motion is hereby **DENIED**.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 02/27/2013

9

U.S. Bankruptcy Court - Hawaii    #06-90041    Dkt # 541    Filed  02/27/13    Page 9 of 9