# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>MARGERY KANAMU-<br>KALEHUANANI KEKAUOHA-<br>ALISA,<br><br>Debtor. | Case No. 05-01215<br>Chapter 7 |
| MARGERY KANAMU-<br>KALEHUANANI KEKAUOHA-<br>ALISA,<br><br>Plaintiff,<br>vs.<br><br>AMERIQUEST MORTGAGE<br>COMPANY, et al.,<br><br>Defendants. | Adversary Proceeding No. 06-90041<br><br>Re: Dkt. 486 |

## MEMORANDUM OF DECISION ON
## PLAINTIFF'S MOTION FOR POST-TRIAL
## ATTORNEYS' FEES, COSTS, AND POST-JUDGMENT INTEREST

Plaintiff (the "Debtor") seeks an award of post-trial attorneys' fees, non-taxable costs, and post-judgment interest (dkt. 486). For the following reasons, I will grant almost all of the relief requested.

The defendants ("Lenders") argue that the Debtor is not a "prevailing

party." I disagree. To identify the "prevailing party" under Hawaii law, the court

must look at the case as a whole:

> Under Hawaii law, a "prevailing party" is entitled to collect
> reasonable attorneys' fees pursuant to a contractual attorneys' fee
> provision. Haw.Rev.Stat. § 607-14. In determining which party is the
> prevailing party in complex litigation, Hawaiian courts focus on
> which party prevailed on the "disputed main issue." *Food Pantry, Ltd.*
> *v. Waikiki Bus. Plaza, Inc.,* 58 Haw. 606, 575 P.2d 869, 879 (1978).
> The "disputed main issue," in turn, is identified by looking to "the
> principal issues raised by the pleadings and proof in a particular case
> ...." *Fought & Co., Inc. v. Steel Eng'g & Erection, Inc.,* 87 Hawai'i 37,
> 951 P.2d 487, 503 (1998) (quoting *MFD Partners v. Murphy,* 9
> Haw.App. 509, 850 P.2d 713, 716 (1992)). Thus, the "prevailing
> party" is the party that succeeds on the issue or issues that are (1) the
> "principal" issues raised in the litigation and (2) disputed by the
> parties.

In re Hoopai, 581 F.3d 1090, 1101-02 (9th Cir. 2009) (footnote omitted). A party

can "prevail" without getting all of the relief the party requested. "[W]here a party

prevails on the disputed main issue, even though not to the extent of his original

contention, he will be deemed to be the successful party for the purpose of taxing

costs and attorney's fees." Food Pantry, Ltd. v. Waikiki Bus. Plaza, Inc., 58 Haw.

606, 620, 575 P.2d 869, 879 (1978). "A party need not 'sustain his entire claim' in

order to be a 'prevailing party' for purposes of entitlement to costs and attorneys'

fees." Fought & Co., Inc. v. Steel Eng'g & Erection, Inc., 87 Haw. 37, 52, 951

P.2d 487, 502 (1998) (quoting MFD Partners v. Murphy, 9 Haw.App. 509, 514,

U.S. Bankruptcy Court - Hawaii  #06-90041  Dkt # 542  Filed  02/27/13  Page 2 of 6

850 P.2d 713, 716 (1992).

Viewing the case in its entirety, the Debtor is the prevailing party. The Debtor did not win every claim and she suffered a temporary setback in the BAP, but overall she has succeeded in obtaining a substantial remedy from the Lenders.

The Lenders contend that the court should analyze the trial and appellate proceedings separately and ascertain who prevailed at each such stage. This argument is inconsistent with the basic proposition under Hawaii law that the "prevailing party" is the party who won on balance, considering the disputed main issues in the case. See Fought & Co., Inc. v. Steel Eng'g & Erection, Inc., 87 Haw. 37, 53, 951 P.2d 487, 503 (1998) (identifying the "disputed main issue" by observing that, "From the beginning, the principal question at issue in this case, both at trial and on appeal, was whether the DOT had breached its contract.").

The Lenders object to the amount of time spent on the stay pending appeal. The Debtor has satisfactorily explained that the amount of time spent was reasonable considering that it actually covered two projects spread over a course of years and because, due to both parties' litigation conduct, nearly every issue in this case has been unusually contentious.

The Lenders object to time spent on the state court appeal in the ejectment action. I have previously allowed fees for the trial level proceedings in that case

3

and the appellate fees are also compensable.

The Lenders object to certain time entries which they characterize as "clerical." The Debtor has pointed out that these time charges are for a paralegal's services and has satisfactorily explained why the time is compensable. See Blair v. Ing, 96 Haw. 327, 334, 31 P.3d 184, 191 (2001) (holding that, *"in appropriate cases*, a request or award of attorneys' fees may include compensation for separately billed legal services performed by a paralegal, legal assistant, or law clerk" [emphasis in original]).

The Lenders object to time spent in the failed effort to settle this case. I agree in part. With the assistance of an experienced mediator, the parties reached an agreement in principle to settle this case on or about September 23, 2008. The settlement was not consummated. As I have previously ruled, both the Debtor and the Lenders bear responsibility for the failure of the settlement. Therefore, all of the services rendered by the Debtor's counsel concerning the settlement between September 23 and November 21, 2008 (the date of the hearing at which I orally ruled that there was no enforceable settlement agreement) were not beneficial or reasonably necessary.

There is an element of unfairness in this decision: counsel for the Debtor and counsel for the Lenders were both responsible for the failure of the settlement;

4

but I only have power to reduce the fees charged by the Debtor's counsel. To mitigate the unfairness, I hereby state that the comparable services rendered by the Lenders' counsel were also not beneficial or reasonably necessary and that the fees charged for those services were unreasonable, and I direct the Lenders' counsel to inform their clients in writing of my statement.

The Lenders object to the Debtor's request for fees incurred in attempting to enforce the judgment. They assert that "her efforts were not associated with satisfying the judgment." I disagree; the requested fees are for services rendered in an attempt to enforce the supersedeas bond. If successful, that effort would result in the full or partial satisfaction of the judgment. The reasonable fees incurred are therefore recoverable under Haw. Rev. Stat. § 607-14.7. I will defer consideration of this portion of the fees, however. By separate orders, I am granting a stay pending appeal and deferring the Debtor's motion to enforce the supersedeas bond. The degree of success and the value of these services will be more clear after the appeal is resolved.

I have carefully and independently scrutinized the timesheets and other supporting records. The hourly rates charged are eminently reasonable, considering the skill and experience of the billing professionals and all other relevant factors. With the limited exceptions described above, the time and

5

expense charges are reasonable, necessary, and appropriate.

The Debtor is entitled to post-judgment interest as provided by law.

The Debtor's counsel shall prepare and submit an appropriate order.

/s/ Robert J. Faris
**United States Bankruptcy Judge**
Dated: **02/27/2013**