# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>MARGERY KANAMU-<br>KALEHUANANI KEKAUOHA-<br>ALISA,<br><br>                Debtor. | Case No. 05-01215<br>Chapter 7 |
| MARGERY KANAMU-<br>KALEHUANANI KEKAUOHA-<br>ALISA,<br><br>                Plaintiff,<br>   vs.<br><br>AMERIQUEST MORTGAGE<br>COMPANY, et al.,<br><br>                Defendants. | Adversary Proceeding No. 06-90041<br><br><br><br><br>Re: Dkt. 524 |

## MEMORANDUM OF DECISION ON
## REQUEST FOR CERTIFICATION FOR DIRECT APPEAL

The defendants ("Lenders") request that the court certify "this Court's recent and future orders" for direct appeal to the court of appeals pursuant to 28 U.S.C. § 158(d)(2). That section provides that:

> The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of [section 158(a)] if the bankruptcy court, the district court, or the bankruptcy appellate panel involved,

acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that–

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

Section 158(d) does not apply to this case. The section is part of the Bankruptcy Abuse Prevention and Consumer Protection Act, which became effective on October 17, 2005. The Debtor filed her bankruptcy case before that date and this adversary proceeding after that date. The uncodified effective date provision of the Act states that "the amendments made by this Act shall not apply with respect to cases commenced under title 11, United States Code, before the effective date of this Act." BAPCPA § 1501(b)(1). The relevant "case commenced under title 11" is the Debtor's bankruptcy case, not this adversary proceeding. Faulkner v. Kornman (In re The Heritage Organization, L.L.C.), 2012

2

WL 478178, *2 (Bankr. N.D. Tex. Feb. 14, 2012); Entrust NPL Corp. v. Winchester Global Trust Co. (In re Ryan), 380 B.R. 275 (Bankr. S.D. Fla. 2007); see also London-Marable v. Sterling, 2008 WL 2705374, *3 (D. Ariz. July 9, 2008) (holding that the pre-BAPCPA provisions governing the discharge of student loans applied where the main bankruptcy case was filed before BAPCPA's effective date, even though the adversary proceeding regarding dischargeability was filed after that date).

The Lenders cite two cases in which the Fifth Circuit accepted certified appeals where the main bankruptcy case was filed before BAPCPA's effective date but the adversary proceeding was filed thereafter. Wilborn v. Wells Fargo Bank (In re Wilborn), 609 F.3d 748 (5th Cir. 2012); Ries v. Paige (In re Paige), 610 F.3d 865 (5th Cir. 2010). Those decisions do not support the Lenders' argument because neither of them even mentions the question of whether section 158 applies.

Even if section 158 applies to this adversary proceeding, its standards are not met.

The Lenders do not rely on the first two criteria, and rightly so. The court of appeals' prior decision controls this case and eliminates any argument that the authorities are in conflict. This is essentially a private dispute with no particular

3

U.S. Bankruptcy Court - Hawaii   #06-90041   Dkt # 547   Filed 03/06/13   Page 3 of 5

public importance. "An appeal that impacts only the parties, and not the public at large, is not 'a matter of public importance.'" In re Nortel Networks Corp., 2010 WL 1172642, *2 (Bankr. D. Del. March 18, 2010).

The third criterion is also not met. The "case or proceeding in which the appeal is taken" – this adversary proceeding – is virtually over (but for the entry of orders implementing my decisions. A direct appeal would not "materially advance" the progress of this adversary proceeding because there is nothing left to do. A direct appeal might arguably expedite the appellate process, but the third criterion refers to the progress of the case in which the appeal is taken, not the appeal itself.

The Lenders argue that the third criterion is met for three reasons.

First, the Lenders have argued that my decision conflicts with the court of appeals' decision mandate. They contend that the court of appeals is in the best position to interpret its own decision. This argument proves too much; if the Lenders are right, all subsequent appeals after a remand should go directly to the court of appeals. The district court and the bankruptcy appellate panel have ample experience with interpreting court of appeals decisions.

Second, the Lenders argue that the denial of their "right" to offset the mortgage debt against the damages award "presents a discrete legal issue that is

4

likely to materially advance the progress of the case." This argument could apply to any appeal. The appellate process should not be truncated simply based on one party's interest in saving the time spent in the district court or the bankruptcy appellate panel. In re Johns-Manville Corp., 449 B.R. 31, 34 n.3 (S.D.N.Y. 2011) (stating that "the only argument for expedition is that the appeal will be quicker because it need only be heard by one court—the Court of Appeals. That argument can be made in every case where there is an appeal involving a final judgment of the Bankruptcy Court.")

Third, the Lenders argue that both parties will probably appeal. This is true but irrelevant.

Therefore, the motion is DENIED.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 03/06/2013

5

U.S. Bankruptcy Court - Hawaii   #06-90041   Dkt # 547   Filed  03/06/13   Page 5 of 5